PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Norman J Smith          Docket No. 0650 3:09CR00064 - 1

### Petition for Action on Conditions of Pretrial Release

COMES NOW Angela D Rankin, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Norman J Smith who was placed under pretrial release supervision by the Hon. U.S. Magistrate Judge John S. Bryant sitting in the Court at **Nashville, Tennessee**, on March 27, 2009, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference pages three through four of this document.

I declare under penalty of perjury that the foregoing is true and correct.

Angela D Rankin                Nashville, TN              October 1, 2013
U.S. Pretrial Services Officer    Place:                   Date:

**Next Scheduled Court Event**   Not Scheduled
                                 Event                    Date

## PETITIONING THE COURT

☒ No Action                    ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant           ☐ Other

THE COURT ORDERS:
☒ No Action                                              ☐ A Hearing on the Petition is set for
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshals only)          Date              Time
☐ Other

Considered and ordered this 2nd day of October, 2013, and ordered filed and made a part of the records in the above case.

Honorable John S. Bryant
U.S. Magistrate Judge

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Norman J. Smith
Case No. 3:09-cr-00064-01
October 1, 2013

On March 27, 2009, Norman J. Smith appeared before Your Honor, for an Initial Appearance as a result of the defendant being charged with one count of Receipt of Child Pornography, in violation of 18 U.S.C. Section 2252A(a)(2)(A), and one count of Possession of Child Pornography, in violation of 18 U.S.C. Section 2252A(a)(2)(A). While the Government originally advised it would file a motion for detention, the parties announced at the hearing that an agreement had been reached to allow for Mr. Smith's release on bond with special conditions. The Court adopted the parties' joint recommendation and released Mr. Smith on bond with pretrial supervision.

A suppression hearing was held in December 2011, and, on April 10, 2013, the Court denied the motion to suppress. No trial date has been scheduled at the time this report was prepared.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**PREVIOUS VIOLATIONS:**

On approximately August 8, 2009, U.S. Probation Officer Kara Sanders filed a Violation Petition advising the Court that the defendant had violated the conditions of pretrial release regarding GPS and home confinement. The Court ordered that No Action be taken on August 10, 2009. On October 26, 2009, a Second Violation Petition was prepared by U.S. Probation Officer Kara Sanders, which advised the Court that the defendant had tampered with his home confinement tracking unit, and had also violated his curfew on several occasions. On November 9, 2009, the Court ordered that No Action be taken. The case was later transferred to former U.S. Probation Officer Tim Searcy.

On September 10, 2012, former U.S. Probation Officer Tim Searcy filed a Violation Petition which reflected the following violations. On September 5, 2012, defendant Smith initially failed a polygraph examination concerning the viewing of pornographic materials. After explanation of the incident, Mr. Smith was able to pass the question posed pertaining to viewing sexually stimulating materials during retest.

In particular, Mr. Smith explained he had viewed some pornographic materials belonging to his brother, which were being played inside a garage at his mother's residence. Mr. Smith stated he did not know his brother was watching the material until he happened to walk inside the garage and saw what was playing on his brother's television. Mr. Smith stated he asked his brother to get rid of the material and noted he has not seen anything since the incident.

The second incident involved viewing nonsexual material via Youtube at Mr. Smith's daughter's residence.

2

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Norman J. Smith
Case No. 3:09-cr-00064-01
October 1, 2013

On September 10, 2012, a Violation Petition was prepared by former U.S. Probation Officer Tim Searcy. On that same date, Your Honor ordered that No Action be taken at that time, and the defendant remained on pretrial supervision with the initial court ordered special conditions.

On December 12, 2012, the defendant's case was transferred to U.S. Probation Officer Paul Montgomery. On July 26, 2013, the defendant's case was transferred to this officer for supervision.

**VIOLATIONS**:

On September 26, 2013, the defendant reported to the U.S. Probation Office as instructed by this officer. He submitted a urine screen at that time. The specimen was extremely diluted, and the defendant was instructed to wait until he could produce an undiluted specimen. At the time the office closed, the defendant still had not submitted an undiluted specimen. However, the defendant did admit to using half of an oxycontin pill, which he advised he obtained from a co-worker, due to his experiencing neck pain.

**Probation Officer's Actions**:

This officer reprimanded the defendant for taking a scheduled narcotic drug not prescribed to him, and further advised that if he was in pain he needed to see a physician, and obtain any medications prescribed by a licensed physician. This officer also placed the defendant on the Code-A-Phone Program, whereby the defendant phones in on a daily basis to determine if he needs to report to the U.S. Probation Office to submit a urine screen.

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Norman J. Smith
Case No. 3:09-cr-00064-01
October 1, 2013

**Respectfully Petitioning the Court as Follows**:

Other than the above referenced violation, to this officer's knowledge, the defendant has had no additional violations since being supervised by this officer. Therefore, the Pretrial Unit is requesting that No Action be taken at this time. Assistant U.S. Attorney Carrie Daughtrey has been contacted and concurs with this recommendation.


Approved by:

_____
W. Burton Putman
Supervisory U.S. Probation Officer


cc: Assistant U.S. Attorney Carrie Daughtrey
Assistant Federal Public Defender Douglas Thoresen

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

United States of America )
v. )
Norman J. Smith ) Case No. 3-09-00064
_Defendant_ )
)

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* _____
_Place_

on _____
_Date and Time_

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✔ ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

( ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of _____ dollars ($ _____ ) in the event of a failure to appear as required or surrender to serve any sentence imposed.

DISTRIBUTION: COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

Case 3:09-cr-00064    Document 9    Filed 03/27/09    Page 1 of 6 PageID #: 14
Case 3:09-cr-00064    Document 125    Filed 09/10/12    Page 4 of 9 PageID #: 649

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (7) The defendant is placed in the custody of:

Person or organization _____

Address *(only if above is an organization)* _____

City and state _____ Tel. No. *(only if above is an organization)* _____

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____
*Custodian or Proxy*   *Date*

( ) (8) The defendant must:
- (X) (a) report to the __PreTrial Services (See attached pages of special conditions)__ telephone number __736-5771__, no later than __as directed__.
- ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ( ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
- ( ) (d) execute a bail bond with solvent sureties in the amount of $
- ( ) (e) maintain or actively seek employment.
- ( ) (f) maintain or commence an education program.
- ( ) (g) surrender any passport to:
- ( ) (h) obtain no passport.
- ( ) (i) abide by the following restrictions on personal association, place of abode, or travel:
- ( ) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to:
- ( ) (k) undergo medical or psychiatric treatment:
- ( ) (l) return to custody each (week) day at ____ o'clock after being released each (week) day at ____ o'clock for employment, schooling, or the following purpose(s):
- ( ) (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
- ( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
- ( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- ( ) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
- ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
- ( ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
  - ( ) (i) Curfew. You are restricted to your residence every day ( ) from ____ to ____, or ( ) as directed by the pretrial services office or supervising officer; or
  - ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
  - ( ) (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
- ( ) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
  - ( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.
  - ( ) (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
  - ( ) (ii) Radio Frequency (RF) monitoring;
  - ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
  - ( ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
  - ( ) (v) Voice Recognition monitoring.
- ( ) (u) _____

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

### Recommended Special Pretrial Release Conditions

1. **Monitoring Polygraph**
   The defendant shall undergo polygraph examinations to monitor compliance with conditions as directed by the pretrial services officer.

2. **Alcohol & Drug Abstinence**
   The defendant shall not consume any alcoholic beverages. If defendant's history makes such a condition appropriate, defendant shall be subject to random drug screens.

3. **Residence Restriction**
   Any change in the defendant's residence or employment status shall be pre-approved by the pretrial services officer.

4. **Restricted Contact with Minors**
   The defendant shall not associate with children who appear to be under the age of 18; and the defendant shall not frequent, volunteer, or work at places where children congregate (e.g., playgrounds, parks, malls, day-care centers or schools) unless approved by the pretrial services officer. Additionally, the defendant shall have no contact with victims. In cases in which the defendant is charged with possession, receipt, distribution, or transportation of child pornography, the victims include the known children who are depicted in the child pornography images and videos.

5. **Restricted Materials**
   The defendant shall not possess, view, listen to, or go to locations where any form of sexually stimulating material or sexually oriented material is available, or attempt to do so. The defendant shall not possess or use a device capable of creating pictures or video. If the defendant currently owns a cell phone capable of use as a camera, the defendant shall not utilize the cell phone's camera function.

6. **Restricted Access**
   The defendant shall not rent or use a post office box or storage facility.

   ~~**Preferred Computer Restrictions**~~ QdB
7. ~~The defendant shall not possess or use a computer.~~

   **Alternative Computer Restrictions**
8. The defendant shall not possess or use a computer or any device with access to any "on-line computer service" at any location (including place of employment) without the prior written approval of the pretrial services officer. This includes any Internet service provider, bulletin board system, or any other public or private network or e-mail system.

9. If the defendant has a computer or obtains a new computer, the defendant shall consent to the following:
   a. The U.S. Probation Office may conduct unannounced examinations of the

defendant's computer systems and internal/external storage devices, which may include retrieval and copying of all memory from hardware/software and/or removal of such systems for the purpose of conducting a more thorough inspection.

b. The U.S. Probation Office may install on the defendant's computers, any hardware/software to monitor computer use or prevent access to particular materials.

c. The U.S. Probation Office may conduct periodic inspection of any such installed hardware/software to ensure it is functioning properly.

10. If the defendant has a computer or obtains a new computer, the defendant shall provide the U.S. Probation Office with accurate information about the defendant's entire computer system (hardware/software) and internal/external storage devices and all passwords used by the defendant; and the defendant will abide by all rules regarding computer use and restrictions as provided by the U.S. Probation Office.

11. **Search/Seizure**
The defendant consents to a search, with or without a warrant, at any time of his/her person, property, house, residence, vehicle, papers, computer, cell phone, other electronic communication or data storage devices or media, and effects, by

a. Any law enforcement or pretrial services officer who has a reasonable suspicion that defendant has violated a condition of pretrial release or engaged in unlawful conduct; or

b. Any pretrial services officer in the lawful discharge of the officer's supervision functions.

12. **Financial Disclosure**
The defendant shall provide the U.S. Probation Office access to any requested financial information.

13. **GPS**
The defendant shall be subject to home confinement. While on home confinement, the defendant is required to remain in his/her residence at all times except for approved absences for gainful employment, attorney visits, religious services, medical care or treatment needs and such other times as may be specifically authorized by the pretrial services officer. Electronic monitoring with a global positioning system (GPS) unit shall be used to monitor compliance. The defendant shall keep the GPS unit on his/her person at all times when outside the residence and must abide by detailed instructions regarding specific inclusion or exclusion zones. The defendant shall pay the cost of electronic monitoring at the prevailing rate according to ability as determined by the pretrial services officer. This condition is in compliance with 18 U.S.C. § 3142(c)(1).

**Other**

14. The defendant shall not travel outside of the Middle District of Tennessee without prior approval of the pretrial services officer.

15. The defendant shall permit pretrial services officers to visit him at anytime at his home or elsewhere without advance notification. The defendant also shall permit confiscation of any contraband observed in plain view of the pretrial services officers.

16. Defendant shall notify the pretrial services officer within 48 hours of any law enforcement contact.

# ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
   (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
   (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
   (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
   (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

## Directions to the United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 3/27/09

_____
*Judicial Officer's Signature*

John S. Bryant, U.S. Magistrate
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL